UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                          Case No. 14-07169
                                                Honorable Carol A.Doyle
Charles M. Bonaparte, Sr. and Brenda Bonaparte        Chapter 13

## ALLY FINANCIAL'S OBJECTION TO CONFIRMATION OF THE DEBTORS' CHAPTER 13 PLAN

NOW COMES Ally Financial, by and through its attorney James M. Philbrick of the LAW OFFICES OF JAMES M. PHILBRICK P.C., and as and for its Objection to Confirmation of Debtors' Chapter 13 Plan, states as follows:

1.      That Ally Financial is a creditor-claimant of the Debtors, and brings this Objection pursuant to 11 U.S.C. §1324 and §1325.

2.      That on October 7, 2010, the Debtors executed an Agreement for an interest in one 2010 CHRYSLER TOWN & COUNTRY, VIN: 2A4RR7DX4AR435750.

3.      That on October 7, 2010, the Agreement was duly assigned to Ally Financial.  That thereafter the lien of Ally Financial was properly perfected in accordance with the Illinois Motor Vehicle Act, and said lien was noted upon the certificate of title in connection with the aforesaid vehicle.

4.      That on February 28, 2014, the Debtors filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

5.      That the payoff balance owing to Ally Financial under the terms of the Agreement at the time of filing was $23,900.28

6.      That the Debtors' chapter 13 plan does not provide for the replacement value of the said vehicle, which amount includes an extended service contract and gap insurance coverage.

7.      That the Debtors' Chapter 13 Plan does not provide for either the full value of Ally Financial's claim or for attorney fees in the amount of $500.00 pursuant to 11 U.S.C. §506(b).

8.      That the Debtors' Chapter 13 Plan fails to provide for equal monthly amounts to pay Ally Financial's claim in full during the proposed length of the plan as provide by 11 U.S.C. §1325(a)(5)(iii)(I) and (II).

9.      That the Debtors' Chapter 13 Plan fails to provide for the commencement of sufficient adequate

protection payments directly to Ally Financial.

10.     That Ally Financial is entitled to interest on its claim at the rate of 6.25%.

11.     Debtors' plan fails to provide an interest rate in compliance with the guidelines of the Supreme

Court decision, In re Till.

12.     That for the reasons stated herein, confirmation of the Debtors' Chapter 13 Plan should be

denied.

WHEREFORE, Ally Financial prays this Honorable Court for entry of an order denying confirmation of

the Debtors' Chapter 13 Plan and for such other and further relief as the Court may deem just and proper.

Ally Financial

By:   /s/ James M. Philbrick
        One of its Attorneys

## CERTIFICATE OF SERVICE

I, James M. Philbrick, an attorney, certify that I personally served the above Objection on the Debtors' attorney, Lorena Hernandez and on the Chapter 13 Trustee, Tom Vaughn, by Court Electronic Notification on the 30th day of June, 2014, before the hour of 5:00 p.m.

/s/ James M. Philbrick

James M. Philbrick
Attorney No. 6244743
Law Offices of James M. Philbrick
P.O. Box 351
Mundelein, Illinois   60060
847/949-5290
Fax: 847/949-5690
jamesphilbrick@comcast.net